UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZHONGSHAN TANDEM PLASTIC
PRODUCTS CO., LTD.,

        Plaintiff,

-against-

STRAIGHTLINE CAPITAL, LLC,
DAVID AULT, CKR LAW LLP and
JEFFREY A. RINDE,

        Defendants.

Civil Action No.: 1:21-cv-02321-JPO

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY AND COMPEL ARBITRATION

FELICELLO LAW P.C.
366 Madison Avenue, 3rd Floor
New York, New York 10017
Tel. (212) 584-7806
*Attorneys for Defendants CKR Law LLP
and Jeffrey A. Rinde*

Of counsel:   Michael James Maloney
               Rosanne E. Felicello

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS .................................................................................................. 1

    This action is subject to an arbitration provision. ......................................................... 1

ARGUMENT ........................................................................................................................ 2

    Plaintiff's Claims Are Required to Be Submitted to Arbitration ................. 2

CONCLUSION .................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*Daly v. Citigroup Inc.*, 939 F.3d 415 (2d Cir. 2019)..........................................................................4

*Jacobs v. USA Track & Field*, 374 F.3d 85 (2d Cir. 2004) .............................................................2

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983)....................................................................................................................3

*N.Y. Stock Exch. Arbitration v. Shearson Lehman Hutton Inc.*, 948 F.2d 117 (2d Cir. 1991) .........3

*PaineWebber Inc. v. Bybyk*, 81 F.3d 1193 (2d Cir. 1996) ................................................................4

*Shaw Grp., Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115 (2d Cir. 2003) ...........................................4

**Statutes**

9 U.S.C. § 2 .....................................................................................................................................4

9 U.S.C. § 4 .....................................................................................................................................2

Defendants CKR Law LLP ("CKR") and Jeffrey A. Rinde ("Rinde," and together with CKR, the "CKR Defendants") submit this memorandum in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(1) and 9 U.S.C. § 4, to dismiss this action in favor of arbitration.

## PRELIMINARY STATEMENT

This motion presents a discrete issue:

Should this action be stayed in favor of arbitration?

This dispute concerns various transactions arising out of, and related to, an escrow agreement containing an enforceable arbitration provision. Any dispute concerning or relating to these transactions should properly be submitted to arbitration. It is, therefore, proper for this Court to stay this proceeding in favor of arbitration.

## STATEMENT OF FACTS

Zhongshan Tandem Plastics Products Co., Ltd. ("Plaintiff") commenced this action on March 17, 2021. Compl., Docket No. 1. On July 21, 2021, counsel for Plaintiff and the CKR Defendants entered into a stipulation to extend the time for the CKR Defendants to respond to the Complaint. Stipulation, Docket No. 15.

**This action is subject to an arbitration provision.**

The allegations raised in this Action relate to certain investment transactions for which CKR served as escrow agent, pursuant to an Escrow Agreement. Rinde Decl. Ex. A. The Escrow Agreement governs the roles of both CKR and Rinde. *See* Rinde Decl. Ex. A; Rinde Decl. ¶¶ 3-4. The transactions alleged in the Complaint arose from, and are related to, the Escrow Agreement. *See* Compl. ¶¶ 21-27.

1

In relevant part, the Escrow Agreement includes the following arbitration provision:

> In the event of any differences or dispute of whatever nature arising from this Agreement (which shall include any failure to agree on any matter which requires the Escrow Parties' agreement for the purposes of implementation of this Agreement) or any other matter related thereto which cannot be settled by direct negotiation within thirty (30) days after either of the Escrow Parties has notified the other Party in writing of the existence of the dispute, such differences or dispute shall be referred to and finally settled by binding arbitration in City, County and State of New York.

*Id.* ¶ 16.

As is evident from the Complaint, there is a current dispute between the parties that has not been resolved after 30 days of written notice of the dispute. Accordingly, the entire dispute is required to be submitted to binding arbitration in New York.

## ARGUMENT

### Plaintiff's Claims Are Required to Be Submitted to Arbitration

On a petition to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, the movant establishes a legal basis for relief by showing jurisdiction over the respondents, a valid arbitration agreement, and a failure of one party to arbitrate. *See Jacobs v. USA Track & Field*, 374 F.3d 85, 88 (2d Cir. 2004) ("Under the FAA, the role of courts is limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate") (internal quotations and citations omitted).

This Court has subject matter jurisdiction both because the Plaintiff asserts a claim under 18 U.S.C. § 1962(c), Compl. ¶ 109, and because the parties are diverse

and the amount in controversy exceeds $75,000. "The FAA applies when there is federal subject matter jurisdiction . . . ." *N.Y. Stock Exch. Arbitration v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir. 1991) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983)). Here, Plaintiff is a resident of the People's Republic of China. Compl. ¶ 11. Defendant CKR Law LLP is a California limited liability partnership with its primary offices in New York. The Complaint alleges that Rinde is a resident of Connecticut. Defendants Straightline Capital, LLC and David Ault are residents of Minnesota and Florida. Compl. ¶¶ 12, 13.

The text of the arbitration provision in the Escrow Agreement provides that "any difference or dispute of whatever nature arising from this Agreement (which shall include any failure to agree on any matter which requires the Escrow Parties' agreement for the purposes of implementation of this Agreement) or any other matter related thereto" be submitted to binding arbitration. This language constitutes an irrevocable and enforceable agreement to arbitrate under 9 U.S.C. § 2. *See Daly v. Citigroup Inc.*, 939 F.3d 415, 421-22 (2d Cir. 2019). *See also Shaw Grp., Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003) (pursuant to the FAA, the role of courts is "limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate") (quoting *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1198 (2d Cir. 1996)).

The record further shows that Plaintiff has "failed, neglected or refused to

3

arbitrate." 9 U.S.C. § 4. Indeed, the mere filing of the Complaint in federal court in the face of the clear language requiring arbitration demonstrates Plaintiff's refusal to arbitrate. Further, "more than thirty (30) days have elapsed since written notice of the existence of a dispute" and it is clear that Defendants have "been unable to settle the dispute by direct negotiation." Accordingly, this dispute is ripe for submission to arbitration.

## CONCLUSION

For the foregoing reasons, the Court should stay this action and compel Plaintiff to submit its claims to arbitration.

Dated: New York, New York
      September 2, 2021

Respectfully submitted,

FELICELLO LAW P.C.

By:   */s/ Michael James Maloney*
      Michael James Maloney
      Rosanne E. Felicello
366 Madison Avenue, 3rd Floor
New York, New York 10017
Tel. (212) 584-7806
mmaloney@felicellolaw.com
rfelicello@felicellolaw.com
*Attorneys for Defendants CKR Law LLP and Jeffrey A. Rinde*