UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

ZHONGSHAN TANDEM PLASTIC
PRODUCTS CO., LTD.,
                        Plaintiff,

              -v-
STRAIGHTLINE CAPITAL, LLC, *et al.*,
                        Defendants.

21-CV-2321 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Zhongshan Tandem Plastic Products Co., Ltd. sues Defendants Straightline Capital, LLC; David Ault; CKR Law, LLP; and Jeffrey A. Rinde under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* As relevant here, Plaintiff also asserts a breach-of-contract claim and a conversion claim under New York law on the grounds that Defendants required Plaintiff to deposit $552,000 in escrow with CKR Law, LLP and Jeffrey A Rinde to secure a $13.8 million loan from Straightline Capital, LLC, and David Ault, but "[t]he loan was never disbursed and the escrow deposit was never returned." (Compl. ¶ 10.) Instead, the escrow deposit was released to Straightline Capital, LLC, which converted the assets. (*See* Compl. ¶¶ 35, 122.) Defendants Straightline Capital, LLC and David Ault were served but never appeared, and their defaults were certified. (*See* Dkt. No. 11; Dkt. No. 12; Dkt. No. 21; Dkt. No. 22.)

      Plaintiff moves for default judgment against Straightline Capital, LLC and David Ault. (*See* Dkt. No. 25.) Plaintiff has served that motion and supporting documents. (*See* Dkt. No. 24.) The motion is granted. The complaint states a claim at least for conversion, and Plaintiff has substantiated its request for damages, except that interest will accrue from March 30, 2020.

1

I.  **Discussion**

   A.  **Default**

Federal Rule of Civil Procedure 55 establishes a two step-process for entering judgment against a party who fails to defend. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, "the party must apply for a default judgment." Fed. R. Civ. P. 55(b). Defendants Straightline Capital, LLC and David Ault were served. (*See* Dkt. No. 11; Dkt. No. 12.) By not filing a responsive pleading, those Defendants failed to defend, and the Clerk has certified their defaults. (*See* Dkt. No. 21; Dkt. No. 22.) Plaintiff has applied for a default judgment against both Defendants. (*See* Dkt. No. 25.)

   B.  **Liability**

The defaults establish liability. Before entering default judgment, a district court is "required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (alterations omitted). The "legal sufficiency of these claims is analyzed under the familiar plausibility standard." *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 544 F. Supp. 3d 474, 482-83 (S.D.N.Y. 2021). In conducting that assessment, well-pleaded allegations are taken as true, as the default "is deemed to constitute a concession of all well-pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

Plaintiff has at least stated a claim for conversion under New York law. To state a claim for conversion under New York law, "a plaintiff must allege: [i] the property subject to conversion is a specific identifiable thing; [ii] plaintiff had ownership, possession or control over

2

the property before its conversion; and [iii] defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Lavazza Premium Coffees Corp. v. Prime Line Distributors Inc.*, --- F. Supp. ----, No. 20-CV-9993, 2021 WL 5909976, at *17 (S.D.N.Y. Dec. 10, 2021). As relevant here, "[m]oney may be subject to conversion of it is specifically identifiable and there is an obligation to return it or treat it in a particular manner." *Newbro v. Freed*, 409 F. Supp. 2d 386, 394 (S.D.N.Y. 2006) (citation omitted). The complaint has identified a $552,000 deposit from Plaintiff (*see* Compl. ¶ 24), which escrow agents had an obligation not to release unless Straightline obtained a commitment to fund the loan (*see* Compl. ¶ 28), and which Straightline, LLC and David Ault allegedly took under their possession (*see* Compl. ¶¶ 35, 122). Such allegations raise an inference that Straightline, LLC and David Ault converted Plaintiff's property. *Cf. Newbro*, 409 F. Supp. 2d at 396, 397 (granting summary judgment to plaintiff on conversion claim where plaintiff sued a "client of an admittedly crooked broker, the transferee of separate and identifiable funds" to "return such funds" because "plaintiff owned the money invested in his account and lost possession without his consent").

### C. Damages

Plaintiff has also substantiated its request for damages, with the exceptions outlined below. Plaintiff seeks $552,000 and prejudgment interest at a rate of 3.25% from May 21, 2019. (*See* Dkt. No. 27.). On a motion for a default judgment, "a defendant's default does not constitute an admission as to the damages claimed in the complaint." *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021) (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). Instead, the "burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested." *Id.* (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "To determine damages, the court

may conduct an inquest . . . or it may rely on the affidavits and other documentary evidence provided by plaintiff, obviating the need for a hearing on damages." *Id.* (citing *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015)). There is no need for an inquest here.

Plaintiff has substantiated its request for $552,000 as a principal amount. The complaint alleges that Plaintiff deposited $552,000 (*see* Compl. ¶ 24) and Plaintiff's transfer records substantiate that allegation (*see* Dkt. No. 26-6). Accordingly, Plaintiff is awarded $552,000.

Plaintiff has also substantiated its request for prejudgment interest. "New York law expressly provides for the award of prejudgment interest in conversion . . . cases as a matter of right." *Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, 577 F. App'x 58, 61 (2d Cir. 2014) (summary order) (citing N.Y. C.P.L.R. § 5001(a)). The rate is not 3.25%. "The statutory interest rate for these actions is 9% per annum." *Id.* (citing N.Y. C.P.L.R. § 5004). And the interest does not accrue from May 21, 2019. Interest is "computed from the earliest ascertainable date the cause of action existed," N.Y. C.P.L.R. § 5001, which is March 30, 2020 here. Where, as in a deposit, the "original possession [of property] is lawful, a conversion does not occur until after a demand and refusal to return the property." *Wells Fargo Bank, N.A.*, 577 F. App'x at 61. The complaint alleges that Plaintiff demanded that the property be returned in February 2020, and the property was instead released to Straightline, LLC and David Ault in March 2020. (*See* Compl. ¶¶ 35-36.)

II.     **Conclusion**

For the foregoing reasons, Plaintiff's motion for default judgment against Defendants Straightline LLC and David Ault is GRANTED. Plaintiff is awarded $552,000, jointly and severally against Straightline LLC and David Ault, with prejudgment interest at 9% per annum from March 30, 2020 through the date of judgment.

4

      The Clerk of Court is directed to close the motion at Docket Number 25.  The Clerk of Court is directed to enter judgment accordingly as to these two defendants.  (The case shall remain open and STAYED as to the remaining parties who are in arbitration.)

      SO ORDERED.

Dated: May 25, 2022
       New York, New York

                                                        _____
                                                              J. PAUL OETKEN
                                                        United States District Judge